**THE KROGER CO. and Direct Source International, Inc., Petitioners,**

v.

**Rhonda Rene ROBINS, individually and as next friend of Jackie Wayne Robins, Jr., a minor, and Jackie Wayne Robins, Sr., Respondents.**

No. 98–0881.

Supreme Court of Texas.

Sept. 9, 1999.

Victor L. Harris, Sugar Land, Evelyn T. Ailts, Houston, Charles Seymore, Sugar Land, Brock C. Akers, Houston, Dwayne Richard Day, Houston, for Petitioners.

Stephen F. Malouf, Dallas, James Elwood Freeman, Austin, Craig Muessig, Baytown, for Respondents.

PER CURIAM.

In 1989, three-year-old Jackie Robins, Jr. found a disposable butane lighter in his parents' van and used it to start a fire in which he was severely burned. His parents sued The Kroger Co. and Direct Source International, Inc. for selling the lighter without a child-resistant mechanism. Plaintiffs asserted causes of action for breach of warranty, negligence, negligence per se, and products liability. Defendants moved for summary judgment on all plaintiffs' claims on a single ground: that the manufacturers and sellers of lighters or other such products intended only for adult use have no legal duty to make them child-resistant. The district court granted both defendants' motions. The court of appeals reversed only on plaintiffs' defective-design products-liability claim,[1]

and plaintiffs have not petitioned for review. For the reasons we explained in *Hernandez v. Tokai Corp.,*[2] the court of appeals correctly rejected defendants' no-duty argument and remanded the case to the district court. The court of appeals added, however, "that a fact issue exists under the risk-utility analysis as to whether Kroger and DSI breached their duty to design a safe product".[3] The existence of such a fact issue cannot be determined on this record because defendants' motions did not attempt to apply the risk-utility test to plaintiffs' design-defect claims. Thus, defendants' petitions for review are denied.